PUBLISHED

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **JOHNNIE R. LARGE,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:00CV00100 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **JO ANN B. BARNHART,** | ) | By: James P. Jones |
| **COMMISSIONER** | ) | Chief United States District Judge |
| **OF SOCIAL SECURITY,** | ) | |
| | ) | |
| Defendant. | ) | |

*Roger W. Rutherford, Wolfe, Williams & Rutherford, Norton, Virginia, for Plaintiff; Julie C. Dudley, Assistant United States Attorney, Roanoke, Virginia, and Donna L. Calvert, Regional Chief Counsel, Region III, Social Security Administration, and Allyson Jozwik, Assistant Regional Counsel, Social Security Administration, for Defendant.*

The plaintiff in this social security case seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C.A. § 2412(d) (West 1994 & Supp. 2005). Because I find that the Commissioner of Social Security's position in this case was substantially justified, the plaintiff's motion for attorney's fees will be denied.

I

The plaintiff filed suit in this court to obtain a review of the denial of a claim for benefits under the Social Security Act. The Commissioner of Social Security ("Commissioner") answered and moved for summary judgment on the basis of the administrative record. On review, this court found an error in the disability determination and remanded the case to the Commissioner for further administrative consideration. Specifically, this court noted that in questioning the vocational expert ("VE"), the administrative law judge ("ALJ") failed to mention the plaintiff's hearing impairment. Because this omission could have had an effect on the VE's testimony regarding the availability of jobs in the national and local economies which the plaintiff could perform, this court entered a final judgment remanding the case to the Commissioner pursuant to "sentence four" of 42 U.S.C.A. § 405(g) (West 2003 & Supp. 2005).

The plaintiff has now filed a timely motion for an award of attorney's fees pursuant to the EAJA. The Commissioner has responded, arguing that the government's position was substantially justified and that an award of attorney's fees is thus inappropriate. The motion is now ripe for decision.

II

Under the EAJA, the court must award attorneys' fees to a prevailing party in civil cases such as this one if: (1) the claimant is a prevailing party; (2) the government's position was not substantially justified; (3) no special circumstances make an award unjust; and (4) the claimant timely filed a petition supported by an itemized statement. *See* 28 U.S.C.A. § 2412(d)(1)(A). The plaintiff in the instant case is the "prevailing party" because of the remand under "sentence four" of 42 U.S.C.A. § 405(g). *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). The plaintiff timely filed his current motion for attorney's fees and attached the requisite itemized statement, and no special circumstances have been presented that would make an award of attorney's fees unjust. Therefore, the only issue to be decided is whether the Commissioner's position was substantially justified.

The government has the burden of showing that its position was justified. *See Pierce v. Underwood*, 487 U.S. 552, 577 (1988) (Brennan, J., concurring in part); *Lively v. Bowen*, 858 F.2d 177, 180 (4th Cir. 1988). This determination requires a showing that the government's position has a reasonable basis in both law and fact. *See Pierce*, 487 U.S. at 565. "Substantially justified" means "justified in substance or in the main" rather than "justified to a high degree," and a losing argument can be substantially justified so long as a reasonable person might think it is correct. *Id*.

According to the Commissioner, the government's position that the ALJ had correctly determined that Large was not entitled to social security benefits was substantially justified. First, the Commissioner notes that this court agreed with the Commissioner's position in response to all of the plaintiff's arguments except one. Secondly, the Commissioner argues that it was reasonable for the government to contend that the incomplete hypothetical to the VE did not warrant remand given that the plaintiff's hearing loss was not detailed significantly in the administrative record and was not deemed a severe impairment. For the reasons explained below, I agree with the Commissioner.

While this court found in its previous decision that the ALJ's hypothetical question to the VE was incomplete because it did not specifically mention the plaintiff's hearing impairment, it does not necessarily follow that the government's position on this issue was not substantially justified. First, at the administrative hearing, the ALJ specifically asked the VE whether he had reviewed the documents of record and the VE indicated that he had. (R. 282.) Secondly, Large's own attorney failed to address the omitted impairment when posing additional hypotheticals to the VE at the administrative hearing. (R. 286-87.) I find the government's position that the omission was harmless to be substantially justified because the government could reasonably have believed that the VE was aware of the hearing impairment after

-4-

reading the administrative record. In addition, the government could have reasonably believed that the hearing impairment was not critical to the disability determination given that it was not deemed a severe impairment and the plaintiff's own attorney did not address it when questioning the VE.[1]

III

For the foregoing reasons, the plaintiff's motion for an award of attorney's fees will be denied. A separate order will be entered herewith.

DATED: May 26, 2006

/s/ JAMES P. JONES
Chief United States District Judge

---

[1] Because I find that the government's position on the issue of the incomplete hypothetical was substantially justified despite the fact that it was ultimately a losing position, I need not address the government's contention that its overall position was substantially justified simply because, in the previous decision, this court agreed with the government on all of the plaintiff's arguments except one. For a Fourth Circuit case supporting this argument, however, see *Roanoke River Basin Ass'n. v. Hudson*, 991 F.2d 132, 139 (4th Cir. 1993) ("[W]hen determining whether the government's position in a case is substantially justified, we look beyond the issue on which the petitioner prevailed to determine, from the totality of circumstances, whether the government acted reasonably in causing the litigation or in taking a stance during the litigation.")